Carmen HANSEN, Plaintiff—Appellant,

v.

PERMANENTE MEDICAL GROUP, INC., Defendant—Appellee.

No. 05–15412.

D.C. No. CV–04–01490–GEB/GGH.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Carmen Hansen, Desert Hills, AZ, for Plaintiff-Appellant.

Sara Elaine Dionne, Orrick Herrington and Sutcliffe LLP, Sacramento, CA, for Defendant-Appellee.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Carmen Hansen appeals pro se the district court's order dismissing without leave to amend her 42 U.S.C. § 1983 action alleging that her former employer, Permanente Medical Group, Inc. ("PMG"), a private corporation, violated her Fourth and Fourteenth Amendments rights by using California state court proceedings to recover certain documents that it claimed Hansen had removed from its premises without authorization. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), *ASW v. Oregon,* 424 F.3d 970, 974 (9th Cir.2005), and we affirm.

A section 1983 claim "may lie against a private party who 'is a willful participant in joint action with the State.'" *DeGrassi v. City of Glendora,* 207 F.3d 636, 647 (9th

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Cir.2000) (quoting *Dennis v. Sparks,* 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980)). Hansen contends that she demonstrated joint action because the state court judge who issued a writ of possession for the subject documents credited a declaration submitted by PMG despite Hansen's assertion that the declaration was untrue. This contention is unavailing. "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis,* 449 U.S. at 28, 101 S.Ct. 183.

Hansen's contention that state action exists because the California statutes pursuant to which the writ of possession issued are unconstitutional under *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), is also unavailing. *Lugar* concerned a state statutory scheme permitting the attachment of property via an *ex parte* application. *Id.* at 942, 102 S.Ct. 2744. No such scheme is at issue here. Instead, California Civil Procedure Code § 512.040(a) satisfies due process by providing that "[a] hearing will be held at a place and at a time, to be specified in the notice, on plaintiff's application for a writ of possession."

Because the defects in Hansen's complaint were incurable, the district court properly dismissed without leave to amend. *See Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir.1995).

We deny Hansen's motion to disqualify Judge Consuelo Callahan as moot.

**AFFIRMED.**